UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOCAL 369, UTILITY WORKERS UNION OF AMERICA, AFL-CIO <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL GRID <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## COMPLAINT

Plaintiff Local 369, Utility Workers Union of America, AFL-CIO (hereinafter "the Union" or "Local 369") hereby files this Complaint to confirm an arbitration award and moves as follows:

## NATURE OF THE ACTION

1. This is a civil action to confirm a labor arbitration award, brought pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

2. This Complaint arises out of an arbitration award against the Defendant, National Grid (hereinafter "National Grid" or "the Employer"), which is party to a collective bargaining agreement with Local 369. The Union filed a grievance with the Employer charging that National Grid violated the parties' collective bargaining agreement by failing to pay a vacation pay bonus to a class of workers. The underlying arbitration hearing on the grievance took place over the course of two days, January 24, 2012 and March 13, 2012, before Arbitrator Michael Ryan. Arbitrator Ryan took evidence at the hearing and issued a decision and award on August 1, 2012, concluding that the Employer had violated the collective bargaining agreement by failing to pay the vacation pay bonus in accordance with the collective bargaining agreement, and Arbitrator Ryan ordered National Grid

to pay the bonus retroactively to the affected employees. National Grid has not complied with the award nor has the Company sought to vacate the award within the applicable 30-day time frame. A correct copy of that arbitrator's decision and award is attached to this Complaint as Exhibit 1.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Section 301 of the LMRA, as amended, 29 U.S.C. § 185.

## VENUE

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). All of the events giving rise to this claim occurred within the jurisdiction of this Court. Local 369 maintains its principal office within the jurisdiction of this Court. At all times relevant, National Grid maintained an office within the jurisdiction of this Court and employed all of the grievants at a site within the jurisdiction of this Court.

## PARTIES

5. Plaintiff Local 369 is a voluntary association and an unincorporated labor organization engaged in representing employees in collective bargaining with employers. It maintains its principal place of business at 120 Bay State Drive, Braintree, MA 02184.

6. Defendant National Grid is a foreign corporation, doing business in the Commonwealth of Massachusetts, and it has a principal address at 40 Sylvan Road, Waltham, MA 02451.

## STATEMENT OF FACTS

7. Local 369 and National Grid are signatories to a collective bargaining agreement, (hereinafter "the Agreement"). A correct copy of the Agreement is attached as Exhibit 2 to this Complaint.

8. Among other provisions, the Agreement contains Article XI, Section 17, which in its entirety states as follows:

> In order to encourage and reward response to call-outs, employees in Overhead Lines, Underground and Substation O&M departments meeting certain overtime hours worked and response to call-out percentages will receive additional vacation pay as described below:
>
> a. For each 12 month period ending on September 30 of each year, the number of hours of overtime worked and the response rate to call-outs will be determined for each employee. In the following calendar year, additional vacation pay in the form of hours at time and one-half per vacation week shall be paid as shown in the table below.

| Call-out Response Rate | Hours Added to Weekly Vacation Pay | | | |
|---|---|---|---|---|
| 30 % | 3 | 5 | 6 | 7 |
| 25 % | 2 | 4 | 5 | 6 |
|  | 100 - 199 | 200 – 399 | 400 – 599 | 600 + |
|  | Hours of overtime Worked in a Year | | | |

> b. Additional work is needed to determine how this increment would be calculated for vacation taken in less than full weeks, but it would be applied pro-rata.

9. The Agreement also contains a grievance and arbitration clause pursuant to which Local 369 filed a grievance on July 7, 2010 against National Grid for its failure to pay the negotiated vacation bonuses to certain classes of employees, specifically troubleshooters and 2/C linemen.

10. After the Company denied the Union's grievance at the various steps of the grievance procedure, the Union advanced the grievance to arbitration.

11. The underlying arbitration hearings on the grievance took place on January 24, 2012 and March 13, 2012, before Arbitrator Michael Ryan. The Arbitrator issued a decision and award

3

on August 1, 2012 sustaining the grievance and ordering that the Employer pay the affected employees.

12. National Grid has not complied with the award nor has the company vacated, modified, or corrected the award.

## **REQUEST FOR RELIEF**

WHEREFORE, Local 369 prays as follows:

1. That this Court confirm the decision and award of the Arbitrator and make said decision and award a judgment of this Court;

2. That Local 369 be awarded its reasonable attorneys' fees and costs of suit in connection with this action; and

3. That this Court grant such other and further relief as is just and proper.

Respectfully submitted,

LOCAL 369, UTILITY WORKERS UNION OF AMERICA, AFL-CIO

By its attorneys,

/s/ Louis A. Mandarini_____
Paul F. Kelly, Esq. BBO #267000
Anne R. Sills, Esq. BBO #546576
Louis A. Mandarini, Esq. BBO #669293
**SEGAL ROITMAN LLP**
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 742-0208, Ext. 253

Dated: January 10, 2013    lmandarini@segalroitman.com

LAM/jm
L:\AllAtty - UW369 (9314)\CASES\NATIONAL GRID\13-005 natgrid- trouble vacation confirm\Complaint to Confirm.doc